OPINION. OppeR, Judge: Sooner or later it is probable that the precise question involved in Estate of F. S. Bell, 46 B. T. A. 484; reversed (C. C. A., 8th Cir.), 137 Fed. (2d) 454, will have to be definitely settled. The then Board of Tax Appeals, one member dissenting, there concluded that sale of a life estate having no cost basis resulted, not in capital gain, but in ordinary income, a conclusion which was subsequently reversed by a divided Court of Appeals. This proceeding, however, does not present the occasion for a reconsideration of that question, for the distinction in the present facts, limited as that may appear, seems to us to require that respondent’s determination be sustained, regardless of the principle of the Bell case. The general subject narrows in these cases to a resolution of the possible conflict between Blair v. Commissioner, 300 U. S. 5, on the one hand, and Hort v. Commissioner, 313 U. S. 28, and Irwin v. Gavit, 268 U. S. 161, on the other, or at least to the question of which line of authority is more nearly applicable. In reversing the Bell case, the court relied upon Blair v. Commissioner for the proposition that a life estate constituted property, and concluded that its sale gave rise to capital gain. It distinguished the Eort case in the following language: “* * * Blair v. Commissioner does not conflict with Eort v. Commissioner * * * which involved the extinguishment of a contractual right to future rentals, and not an assignment of an interest in property.” In the Eort case the Supreme Court had assumed that the lease in question was “property” and continued: “Simply because the lease was ‘property’ the amount received for its cancellation was not a return of capital * * * the disputed amount was essentially a substitute for rental payments * * * and it is immaterial that for some purposes the contract creating the right to such payments may be treated as ‘property’ or ‘capital.’ ” The distinction drawn by the court in the Bell case must accordingly have been limited to the circumstance that the rights in the Eort case were “extinguished,” as opposed to being “assigned,” since, in both, the element of some sort of “property” was concededly present. That being so, we view the present situation as falling within that distinction, petitioner having received the payment in question in return for surrendering her rights under the trust to receive future income pay-merits, just as the taxpayer in the Hort case surrendered its rights to the rental payments under the lease. She did not assign her interest in the trust, as did petitioners in the Bell case. See also Sayers F. Harman, 4 T. C. 335; Estate of Johnson N. Camden, 47 B. T. A. 926; affirmed per curiam (C. C. A., 6th Cir.), 139 Fed. (2d) 697. The facts show with unmistakable clarity, by repeated reference in the various documents, that the payment here in question was made “in full consideration of the surrender by her of her life interest in said trust” and upon her “consenting to the determination and cancellation of said trust.” There was no transfer or assignment any more than there was in Hort v. Commissioner. When it is considered further that the payment was “to represent the value of her life interest in the aforesaid trust,” which consisted purely of the right to receive income, and that the “settlement figure is based to a large extent upon her life expectancy,” as the documents recite, it becomes apparent that this was a current payment of income in anticipation, in exchange for the relinquishment of rights to receive that saíne income over the future years. Since Irwin v. Gavit, supra, makes it clear that such income, whenever received, is included in the definition of gross income, and, as such, is taxable to petitioner, the analogy to the Hort case is complete, and “Where, as in this case, the disputed amount was essentially a substitute for * * * payments which § 22 (a) * * * characterizes as gross income, it must be regarded as ordinary income * * Hort v. Commissioner,. supra. That the applicability of the Hort case must proceed at least so far seems to us the necessary outcome of what actually occurred here, as disclosed by the record. Petitioner was in need of funds. She was under “the necessity of obtaining money with which to pay various claims of the estate of her husband * * She proposed to the trustees — or they proposed to her — an immediate lump sum payment in lieu of the periodic future installments. “Complainant [petitioner] is advised and verily believes that said trustees and re-maindermen * * * will pay to complainant the sum of $55,000, together with all accumulated income from the trust corpus, which is payable to her at 6% per annum, computed to the date on which she receives the said sum of $55,000, in full consideration of the surrender by her of her life interest in said trust, which settlement figure is based to a large extent upon her present life expectancy. * * *” It is difficult to envisage circumstances from which it could more clearly appear that by agreement of the parties petitioner’s future income payments were to be delivered to her immediately at their discounted value; and, of course, since they would not again be due, the trust must end. Such payments, as we have had occasion to note, were taxable in full as ordinary income, whenever received. It is inconceivable that, by the agreement to anticipate, the parties could convert taxable income into a deductible loss. It follows that there was no error in respondent’s action. Reviewed by the Court. Decision will be entered wnder Rule 50. Van Fossan a'nd Kern, JJ., dissent.